IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EARL MAISEL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-13-3629 |
| TARHEEL ENTERPRISES, INC., et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

The Plaintiff Earl Maisel asserts claims against the Defendants Tarheel Enterprises, Inc., Tarheel Industries, Inc., Channel Club Marina, Inc., Morgan Realty & Development, LLC, Michael Chrysanthopoulos, Alexander Chrysanthopoulos, George Chrysanthopoulos, and Antonios Chrysanthopoulos, as Trustee of the Chrysanthopoulos Irrevocable Family Trust (collectively, "Defendants") arising out of injuries Maisel suffered when working on a yacht as a mate.  Pending before this Court are Defendant Morgan Realty & Development, LLC's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 6) and Defendant Antonios Chrysanthopoulos, as Trustee of the Chrysanthopoulos Irrevocable Family Trust's Motion to Dismiss (ECF No. 26).  The parties' submissions have been reviewed and no hearing is deemed necessary.  *See* Local Rule 105.6 (D. Md. 2011).  For the reasons that follow, the Defendants' Motions (ECF Nos. 6 & 26) are GRANTED.

## BACKGROUND

This Court accepts as true the facts alleged in the Amended Complaint (ECF No. 41). *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).  The Plaintiff Earl Maisel is a

Maryland citizen. Defendant Morgan Realty & Development, LLC, doing business as Channel Club Marina, ("Morgan Realty") is a New Jersey limited liability company.[1] Morgan Realty's only place of business is the Channel Club Marina, in Monmouth Beach, New Jersey. Defendant Antonios Chrysanthopoulos, as Trustee of the Chrysanthopoulos Irrevocable Family Trust, owns a sixty-five foot sport fishing yacht named Tarheel ("Yacht" or "Tarheel"). The Tarheel docks at the Channel Club Marina in New Jersey for half the year, and docks in Florida for the winter.

In 2010, the Plaintiff was hired by Morgan Realty to work aboard the Tarheel as a mate.[2] Morgan Realty employed Maisel as a mate for forty days in the summer of 2010. Approximately twenty of those days were worked in Maryland. In August and September of 2010, the Tarheel and its crew, including Maisel, participated in several fishing competitions in Maryland and won a number of cash prizes. The Plaintiff alleges that the Tarheel entered these Maryland tournaments annually.

In December of 2010, Morgan Realty hired Maisel to assist as a mate on the Tarheel's annual trip to its winter berth in Florida. Maisel boarded the Tarheel at Monmouth Beach, New Jersey for the voyage to Florida. During that journey, the Tarheel stopped for approximately twelve hours in Ocean City, Maryland for fuel and groceries, and continued toward Florida. After leaving Ocean City, the Yacht entered rough waters and Maisel fell

---

[1] The Plaintiff also named Channel Club Marina, Inc. as a Defendant. Channel Club Marina, Inc. ceased to exist as a corporate entity in 1995. In addition, the Plaintiff named as Defendants and served Tarheel Enterprises, Inc., Tarheel Industries, Inc., Michael Chrysanthopoulos, Alexander Chrysanthopoulos, and George Chrysanthopoulos. For the same reasons that this Court lacks jurisdiction over Defendants Morgan Realty and the Chrysanthopoulos Irrevocable Family Trust, the claims against these additional Defendants are also subject to dismissal.

[2] The Plaintiff alleges that the owners of the Tarheel are also the owners of Morgan Realty. Any dispute as to these facts is not material to the resolution of the pending Motions.

while descending a ladder on board.[3]  He alleges that the ladder had "round metal rungs and was not equipped with any grip tape or other skid-resistant material."  Am. Compl. ¶ 12.  Maisel slipped and fell off the ladder approximately eight to nine feet, hitting a rung of the ladder on the way down and landing on the deck.  He felt immediate pain in his right shoulder and lower back.  The Tarheel next stopped for fuel at Morehead City, North Carolina, where Maisel was taken ashore to the emergency department at Carteret General Hospital.  Morgan Realty paid "some of"[4] the Plaintiff's medical bills and provided him with hotel accommodations.  Maisel alleges that he suffered permanent injuries to his lower back, ribs, and right shoulder as a result of the fall.  He states that he is unable to return to his previous employment and may require additional medical care.

The Plaintiff filed a three-count Complaint in this Court, alleging (1) negligence under the Jones Act, 46 U.S.C. § 30104; (2) unseaworthiness; and (3) maintenance and cure.  He filed an identical suit in the United States Court for the District of New Jersey, 3-13-CV-07294-FLW-DEA, which remains pending.  Morgan Realty and Antonios Chrysanthopoulos separately moved to dismiss the Complaint.  Although Maisel filed an Amended Complaint (ECF No. 41), the parties agree that the pending Motions to Dismiss are operative to the Amended Complaint and that no further briefing is necessary.  *See* Letter Order of August 15, 2014, ECF No. 43.

---

[3] The Plaintiff alleges that the incident occurred "shorty after" leaving Ocean City, Maryland, but does not allege that the vessel was in Maryland waters at the time of the injury.
[4] The Defendant states that it paid all of Maisel's medical bills.  However, it is not the province of this Court on a motion to dismiss to resolve disputes surrounding the facts, and any dispute does not affect the analysis of the issues raised in the pending Motions.

STANDARD OF REVIEW

A nonresident defendant may be entitled to dismissal through a challenge to a district court's power to exercise personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. *CoStar Realty Info., Inc. v. Meissner*, 604 F. Supp. 2d 757, 763-64 (D. Md. 2009). "[T]he jurisdictional question is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). If jurisdiction turns on disputed facts, the court may hold an evidentiary hearing, or may defer ruling on the jurisdictional question until receiving relevant evidence at trial. *Id.* However, if the court relies solely on the basis of the complaint, affidavits, and discovery materials, "the plaintiff need only make a *prima facie* showing of personal jurisdiction." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). In determining whether the plaintiff has made a *prima facie* case of personal jurisdiction, the court "must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." *Mylan Labs. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993).

ANALYSIS

**I.      Defendant Morgan Realty's Motion to Dismiss**

Pursuant to Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, a federal district court may assert personal jurisdiction over a nonresident in accordance with the law of the state in which the court is located. *Synergics Energy Servs., LLC v. Algonquin Power Fund (Am.), Inc.*, No. ELH-13-2257, 2014 WL 2812230, at *7 (D. Md. June 20, 2014). Personal jurisdiction may be either general or specific. *Rao v. Era Alaska Airlines*, ___ F. Supp. 2d

4

___, 2014 WL 2215862, at *3-4 (D. Md. 2014) (noting that although less contact is required for specific jurisdiction than general, "both forms of jurisdiction require that the defendant purposefully avail itself of the privilege of conducting activities within the forum state") (citations and internal quotation marks omitted).  Therefore, as this Court has previously noted, its exercise of jurisdiction must:  (1) be authorized by the forum state's long-arm statute and (2) be consistent with due process.  *Haley Paint Co. v. E.I. DuPont de Nemours & Co. (In re Titanium Dioxide Antitrust Litig.)*, 775 F. Supp. 2d 790, 796 (D. Md. 2011) (citing *Carefirst of Md., Inc.*, 334 F.3d at 396).

Although Maryland courts interpret the state long-arm statute coextensively with the Due Process Clause of the United States Constitution, the long-arm statute must still be examined as part of the two-step personal jurisdiction analysis.  *In re Titanium Dioxide Antitrust Litig.*, 775 F. Supp. 2d at 796 (citing *Carefirst*, 334 F.3d at 396; *Mackey v. Compass Mktg., Inc.*, 892 A.2d 479, 493 n.6 (Md. 2006)).  A plaintiff must specifically identify a provision in a Maryland statute that authorizes jurisdiction.  *Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F. Supp. 2d 649, 652 (D. Md. 2001).  Although it is preferable for a plaintiff to identify the statute authorizing jurisdiction in its complaint, a plaintiff alternatively may reference the applicable statute in its response to a defendant's motion to dismiss.  *Johansson Corp. v. Bowness Constr. Co.*, 304 F. Supp. 2d 701, 704 n.1 (D. Md. 2004).

Maryland's long-arm statute provides,

A court may exercise personal jurisdiction over a person, who directly or by an agent:
(1) Transacts any business or performs any character of work or service in the State;
(2) Contracts to supply goods, food, services, or manufactured products in the State;
(3) Causes tortious injury in the State by an act or omission in the State;
(4) Causes tortious injury in the State or outside the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent

      course of conduct in the State or derives substantial revenue from goods, food services, or manufactured products used of consumed in the State;
- (5) Has an interest in, uses, or possesses real property in the State; or
- (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

Md. Code Ann., Cts. & Jud. Proc. § 6-103(b).

    A court may exercise specific jurisdiction if (1) the defendant purposely directed its activities toward residents of Maryland or purposely availed itself of the privilege of conducting activities in the state; (2) the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) the forum's exercise of personal jurisdiction in the case is reasonable, that is, consistent with "traditional notions of fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78 (1985); *Cole-Tuve, Inc. v. Am. Mach. Tools Corp.*, 342 F. Supp. 2d 362, 366 (D. Md. 2004). With respect to whether the defendant "transacts any business or performs any character of work or service in the State," "[c]onsideration of personal jurisdiction under subsection (b)(1) necessarily invokes the limitation in subsection (a) that the cause of action arise from an act enumerated in (b)(1)," which "require[s] that some purposeful acts have been performed by the defendant in Maryland in relation to one or more elements of the cause of action." *Catalana v. Carnival Cruise Lines, Inc.*, 618 F. Supp. 18, 21 (D. Md. 1984), *aff'd*, 806 F.3d 257 (4th Cir. 1986) (citations, internal quotation marks, and alterations omitted).

    The Plaintiff argues that Morgan Realty is subject to this Court's specific jurisdiction under Section 6-103(b)(1) of the Courts and Judicial Proceedings Article of the Code of Maryland because it transacts business in Maryland. Specifically, Maisel argues that employing Maryland citizens to work on the Tarheel, and participating in several summer

6

fishing competitions on an annual basis, constituted regular business transactions by Morgan Realty. Additionally, the Plaintiff argues that the fuel stop in Ocean City on December 9, 2010 on the Tarheel's annual trip to Florida was part of Morgan Realty's routine business in Maryland.

Taking these allegations as true, there is no basis to exercise jurisdiction over Morgan Realty in this case. Morgan Realty's only place of business is in New Jersey, and it has no Maryland address, office, agents, employees, or real or personal property. The Yacht's participation in fishing tournaments in Ocean City, even on an annual basis, is attenuated contact that does not signify purposeful availment. *See CSR v. Taylor*, 983 A.2d 492, 487 (Md. 2009) (holding that shipping asbestos through the Port of Baltimore was not purposeful availment because defendant did not engage in significant activities in Maryland or create continuing obligations with Maryland residents). Likewise, the cause of action did not arise from these contacts—several months separate the fishing competitions in the summer of 2010 and the December 2010 trip from New Jersey to Florida during which the Plaintiff was injured. The injury itself occurred outside of Maryland some time after the Tarheel had stopped in Ocean City to refuel. There is no connection between this isolated act in Maryland and the alleged unseaworthy condition on the vessel that allegedly resulted in the injury to Maisel. In sum, although the Yacht passed through Maryland, Morgan Realty did not engage in the type of business transaction that would subject it to jurisdiction under Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(1). Moreover, although the Plaintiff does not specifically argue that any of the other five provisions of Section 6-103(b) provide a basis for jurisdiction over Morgan Realty, this Court concludes that none exists.

Because there is no basis under the Maryland long-arm statute to exercise specific jurisdiction over Morgan Realty, there is no need to address issues related to the Due Process Clause of the Fourteenth Amendment at any length. Suffice it to say that Morgan Realty does not have the required minimum contacts with the forum state such that the exercise of jurisdiction over it comports with traditional notions of fair play and substantial justice pursuant to *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny. Accordingly, Morgan Realty's Motion to Dismiss (ECF No. 6) will be granted.

## II.     Defendant Antonios Chrysanthopoulos's Motion to Dismiss

Defendant Antonios Chrysanthopoulos, as Trustee for the Chrysanthopoulos Irrevocable Family Trust ("Chrysanthopoulos"), also moves to dismiss for lack of personal jurisdiction. The Plaintiff argues that Chrysanthopoulos, the owner of the Yacht, is subject to Maryland long-arm jurisdiction under subsections (b)(1) and (b)(4). As discussed above in the context of Morgan Realty's Motion to Dismiss, the Tarheel's sporadic and attenuated contacts with Maryland are not business transactions and Maisel's injury did not arise out of those contacts. For the same reasons, Chrysanthopoulos is also not subject to this Court's jurisdiction under Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(1).

Along the same lines, the Plaintiff's argument that Chrysanthopoulos is subject to general jurisdiction under section 6-103(b)(4) must be rejected. The sum of Chrysanthopoulos's alleged contacts with Maryland are that the Tarheel annually docks in Ocean City, wins money from participating in fishing tournaments there, and employed the Plaintiff, a Maryland resident. These allegations are insufficient to establish general jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416-18 (1984)

(holding that Peruvian company that sent executive to negotiate contract, used banks, purchased helicopters, and sent personnel for training in Texas was not subject to general jurisdiction under the Due Process Clause). The nature of Chrysanthopoulos's contacts with Maryland are not the type of regular and systematic conduct that could reasonably signal that he may be haled into a Maryland court to answer for an injury that occurred outside the State. Therefore, Chrysanthopoulos is not subject to this Court's jurisdiction under Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(4) or the Due Process Clause of the Fourteenth Amendment. Accordingly, Chrysanthopoulos's Motion to Dismiss (ECF No. 26) will be granted.[5]

## CONCLUSION

For the reasons stated above, the Defendant Morgan Realty's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 6) is GRANTED and the Defendant Antonios Chrysanthopoulos's Motion to Dismiss (ECF No. 26) is GRANTED.

A separate Order follows.

Dated:  August 20, 2014                      /s/
                                    Richard D. Bennett
                                    United States District Judge

---

[5] Having concluded that Morgan Realty and Chrysanthopoulos are entitled to dismissal of the claims against them in this District, the issues raised regarding service of process are now MOOT.